NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        Plaintiff - Appellee,

v.

MICHAEL M. BECK; HELEN P.
ROBINSON,

        Defendants - Appellants.

No. 24-2244

D.C. No.
2:22-cv-00812-FWS-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

Submitted October 15, 2025[**]

Before:     FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

Michael M. Beck and Helen P. Robinson appeal pro se from the district

court's summary judgment in a civil enforcement action brought by the Securities

and Exchange Commission ("SEC") alleging violations of federal securities laws.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1255 (9th Cir. 2013). We affirm.

The district court properly granted summary judgment on the SEC's claims under § 17(a) of the Securities Act of 1933, § 10(b) of the Securities Exchange Act of 1934, and Rule 10b–5 because the SEC demonstrated that Beck knowingly or recklessly made material misstatements or omissions in connection with the offer, purchase, or sale of securities in interstate commerce. *See* 15 U.S.C. § 77q(a)(1)-(3) (prohibiting in the offer or sale of securities the use of any scheme to defraud, false statements or misleading omissions to obtain money or property, or fraudulent or deceitful conduct upon the purchaser); 15 U.S.C. § 78j(b) (prohibiting deceptive practices in connection with the purchase or sale of any security); 17 C.F.R. § 240.10b–5(b) (prohibiting in connection with the purchase or sale of any security the use of any scheme to defraud, false statements or misleading omissions, or fraudulent or deceitful conduct); *SEC v. Stein*, 906 F.3d 823, 830 (9th Cir. 2018) (setting forth elements of § 17(a), § 10(b), and Rule 10b–5 violations); *see also In re Alphabet, Inc. Sec. Litig.*, 1 F.4th 687, 701 (9th Cir. 2021) (explaining that the scienter element may be established by showing "deliberate recklessness," i.e., "an extreme departure from the standards of ordinary care, which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it"

(citation, internal quotation marks, and emphasis omitted)).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**